Louis AVRUTICK, and Lillian C. Avrutick, Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

Civ. A. No. 3031–56.

United States District Court
District of Columbia,
Civil Division.

July 18, 1958.

Geo. S. Jordan, Irving L. Chasen, Washington, D. C., for plaintiffs.

Robert J. Asman, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiffs bring an action against the United States Government under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. for injuries resulting from a fall in the Riggs Road playground area. The facts underlying the action are these:

The Government had dug a large trench along the side of the playground area in order to install water and drain pipes. It had completed the work and filled in the trench on Thursday and the trench was inspected on Friday. On Sunday, male plaintiff brought his two children to the playground area and returned later that morning to take them home. On his return he stepped into a hole in the trench near the area of the catch basin and was injured.

It is conceded in this case that the defendant owed the duty to exercise reasonable care in performing the work in connection with the installation of the drain for a water fountain on the playground in question.

Plaintiffs contend that the defendant was negligent in filling up the trench which had been dug to hold the drain pipe, and left the dirt in such condition that it caused a settling, creating a depression in the vicinity of the drain, which the male plaintiff described as being a yard long, twelve inches wide, and about eight inches in depth.

Plaintiffs contend that male plaintiff, in the exercise of ordinary care, fell into the depression, sustaining the injuries on account of which plaintiffs seek to recover damages in this case.

The defendant denies there was any negligence and asserts that it exercised reasonable care in filling up the trench; that it used pneumatic tampers and that there was enough additional soil placed over the trench to allow for any settling that might take place. Defendant also asserts contributory negligence and assumption of risk.

The defendant denies there was any depression of any kind at the time and place where plaintiff claims to have fallen and that the condition indicated in the photograph taken on August 9 (plaintiffs' Exhibit 2–A) was caused by a rainfall of 1.77 inches which occurred subsequent to plaintiff's fall.

In answer to this, plaintiffs assert that though the rainfall which occurred after male plaintiff's fall, may have enlarged the depression, there was not sufficient rainfall (according to defendant's own witnesses) to have caused the depression that existed on August 9th. Mr. Rich, who was working as foreman on the job, testified it would take a hurricane to cause the condition, and Mr. Robie, Assistant Chief of the Horticultural Branch who acted as field supervisor of maintenance activities, testified it would take at least a four-inch rainfall to create such a condition after proper pneu-

matic tamping, which defendant claims was done.

It appears to the Court from defendant's own testimony, therefore, that the condition indicated in plaintiffs' Exhibit 2–A was not entirely caused by the rainfall that occurred after male plaintiff's injury, but must have been, in part at least, caused by some settling because of insufficient tamping of the ground at that area.

■ The Court can find no reason to disbelieve male plaintiff's testimony that there was a depression at the place where he fell. The Court, therefore, finds that plaintiffs have proved by a fair preponderance of the evidence that there was a depression, caused by the lack of reasonable care on the part of the defendant in properly tamping the ground at that area, which proximately caused male plaintiff's fall and the injury to his ankle, and that there was no contributory negligence or assumption of risk on male plaintiff's part.

■ In view of the fact that the plaintiffs did not make any attempt to proportion the hospital bill—the greater portion of which, apparently, was incurred because of a prior fracture unrelated to this accident—the Court cannot consider this expense. Said plaintiff incurred a doctor's bill in the sum of $50 and there was a fracture of the fifth metatarsal bone, which the doctor testified would normally heal in about four weeks' time and that there were no residual effects in this case from said injury. Plaintiff testified he lost about four weeks' wages and was earning an average of $150 a week.

■ In view of the fact that the plaintiffs did not specify in their pretrial statement any claim for loss of consortium, the Court cannot consider this item of damages. From the evidence, the Court believes reasonable compensation under the circumstances, including the special damages indicated, is the sum of $1,500.

Therefore, the Court finds male plaintiff is entitled to recover judgment against defendant in the sum of $1,500.